UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

FARLAND GILLIEHAN,               )
                                 )
                Petitioner,      )
                                 )
        v.                       )    No.  4:08CV174 FRB
                                 )
JEFF NORMAN,[1]                  )
                                 )
                Respondent.      )


**MEMORANDUM AND ORDER**

This matter is before the Court on Missouri State prisoner Farland Gilliehan's pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. All matters are pending before the undersigned United States Magistrate Judge, with consent of the parties, pursuant to 28 U.S.C. § 636(c).

On November 16, 2004, a jury in the Circuit Court of St. Louis County, Missouri, found petitioner guilty of one count of Burglary Second Degree, two counts of Stealing, and one count of Possession of Drug Paraphernalia with Intent to Use. (Resp. Exh. 3 at 52-56.) On December 17, 2004, petitioner was sentenced as a persistent offender to concurrent terms of imprisonment aggregating fifteen years, with such sentence to be served consecutively to

_____

[1]Petitioner is incarcerated at Southeast Correctional Center (SECC) in Charleston, Missouri. Because Jeff Norman is Warden of SECC, he is hereby substituted for Troy Steele as proper party respondent. See Rule 2(a), Rules Governing Section 2254 Cases in the United States District Courts.

terms of imprisonment petitioner was presently serving in separate criminal causes of action. (Id. at 62-66.) On January 24, 2006, petitioner's conviction and sentence were affirmed on direct appeal, State v. Gilliehan, 185 S.W.3d 238 (Mo. Ct. App. 2006) (order) (per curiam), and mandate issued March 29, 2006. In the meanwhile, on March 13, 2006, petitioner filed a motion for post-conviction relief pursuant to Missouri Supreme Court Rule 29.15, which was denied without an evidentiary hearing. (Resp. Exh. 7.) On November 27, 2007, the Missouri Court of Appeals affirmed the denial of post-conviction relief, Gilliehan v. State, 239 S.W.3d 171 (Mo. Ct. App. 2007) (order) (per curiam), and mandate issued December 19, 2007. Petitioner sought no other relief in State court. The instant petition for writ of habeas corpus, signed and verified by petitioner on January 29, 2008, was received by and filed in this Court on February 4, 2008.

Petitioner is currently incarcerated at the Southeast Correctional Center in Charleston, Missouri. In the instant petition, petitioner raises four claims for relief:

(1) That there was insufficient evidence upon which to sustain his conviction for Stealing Over $500 inasmuch as there was insufficient proof as to the value of the property stolen;

(2) That the trial court erred in failing to suppress evidence which was seized as a result of an unlawful search;

(3) That the trial court's error in allowing Officer Jackie Tabers to testify regarding shoe print analysis permitted the jury to hear improper

- 2 -

opinion evidence inasmuch as there was no proper foundation that Officer Tabers was an expert regarding such analysis; and

(4) That he received ineffective assistance of direct appeal counsel when counsel failed to raise on appeal the claim that the State failed to make a submissible case in light of the contradictory evidence presented.

In his response, respondent contends that the claim raised in Ground 2 is not cognizable in this federal habeas proceeding and should be dismissed. To the extent respondent contends that the remaining claims may be addressed on the merits, he argues that the State courts properly determined the claims on their merits and thus that the claims should be denied here.

## I. Non-Cognizable Claim

In his second ground for relief, petitioner claims that physical evidence used in securing his conviction was unlawfully obtained inasmuch as it was gained as a result of an illegal search.

A State prisoner is precluded from asserting a Fourth Amendment claim as a basis for federal habeas relief unless the petitioner can demonstrate that the State courts have not afforded him a full and fair opportunity to litigate the claim. Stone v. Powell, 428 U.S. 465, 494 (1976); Palmer v. Clarke, 408 F.3d 423, 437 (8th Cir. 2005); Willett v. Lockhart, 37 F.3d 1265, 1270 (8th Cir. 1994) (en banc). The Eighth Circuit has set forth a two-part test to determine whether a habeas petitioner has had an

opportunity for a full and fair litigation of a Fourth Amendment claim in State courts. <u>Willett</u>, 37 F.3d at 1273. A Fourth Amendment claim is barred from federal habeas review under <u>Stone v. Powell</u> unless: 1) the State provided no procedure by which the petitioner could raise his Fourth Amendment claim, or 2) the petitioner was foreclosed from using that procedure because of an unconscionable breakdown in the system. <u>Willett</u>, 37 F.3d at 1273.

The first prong of the <u>Willett</u> test is satisfied in that the State of Missouri has a procedure by which petitioner could raise his Fourth Amendment claim. <u>Id.</u> at 1272 (Eighth Circuit unaware of any State that does not have such a procedure). As to the second prong, there is no evidence before the Court to show that an unconscionable breakdown in the system prevented petitioner from raising the claim. Indeed, a review of the record shows that petitioner filed various pretrial motions, including a motion to suppress the physical evidence he challenges here. (Resp. Exh. 3 at 8-15.) A hearing was held on the motion, and petitioner appealed the trial court's determination to admit such evidence at trial. (Resp. Exhs. 1, 4.) On direct appeal, the Missouri Court of Appeals determined the trial court not to have erred in its determination. (Resp. Exh. 6, Memo. at 3-5.) Accordingly, a review of the record shows the State to have provided petitioner the opportunity for full and fair litigation of his Fourth Amendment claim and that petitioner availed himself of such opportunity to conclusion.

Inasmuch as petitioner has failed to demonstrate that the State did not afford him a full and fair opportunity to litigate his Fourth Amendment claim, the claim raised in Ground 2 of the instant petition is not cognizable in this habeas proceeding and should be denied.

## II.  Cognizable Claims

Petitioner's remaining claims appear to assert that he is in custody in violation of his constitutional rights.  Such claims are cognizable and thus may be addressed by this Court.

A.    Exhaustion Analysis

A petitioner must exhaust his State law remedies before the federal court can grant relief on the merits of his claims in a habeas petition.  28 U.S.C. § 2254(b)(1); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999).  The Court must first examine whether the federal constitutional dimensions of the petitioner's claims have been fairly presented to the State court.  Smittie v. Lockhart, 843 F.2d 295, 296 (8th Cir. 1988); see also Boerckel, 526 U.S. at 848. If not, the petitioner may still meet the exhaustion requirement if there are no currently available non-futile State remedies by which he could present his claims to the State court.  Smittie, 843 F.2d at 296.  When the petitioner's claims are deemed exhausted because he has no available State court remedy, the federal court still cannot reach the merits of the claims unless the petitioner demonstrates adequate cause to excuse his State court default and

actual prejudice resulting from the alleged unconstitutional error, or that a fundamental miscarriage of justice would occur if the Court were not to address the claims. Coleman v. Thompson, 501 U.S. 722 (1991); Wainwright v. Sykes, 433 U.S. 72, 87 (1977); Keithley v. Hopkins, 43 F.3d 1216, 1217 (8th Cir. 1995); Stokes v. Armontrout, 893 F.2d 152, 155 (8th Cir. 1989). Before reviewing any claims raised in a habeas petition, the Court may require that every ground advanced by the petitioner survive this exhaustion analysis. Rhines v. Weber, 544 U.S. 269 (2005).

A review of the record shows the claims raised in Grounds 1, 3 and 4 of the instant petition to be exhausted because petitioner raised the claims in State court wherein they were determined on their merits.

B.   Claims Addressed on the Merits

"In the habeas setting, a federal court is bound by the AEDPA [Antiterrorism and Effective Death Penalty Act] to exercise only limited and deferential review of underlying state court decisions." Lomholt v. Iowa, 327 F.3d 748, 751 (8th Cir. 2003). Under this standard, a federal court may not grant habeas relief to a State prisoner unless the State court's adjudication of a claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. §

2254(d); see Williams v. Taylor, 529 U.S. 362, 379 (2000). The federal law must be clearly established at the time petitioner's State conviction became final, and the source of doctrine for such law is limited to the United States Supreme Court. Williams, 529 U.S. at 380-83.

A State court's decision is contrary to clearly established Supreme Court precedent when it is opposite to the Court's conclusion on a question of law or different than the Court's conclusion on a set of materially indistinguishable facts. Williams, 529 U.S. at 412-13; Carter v. Kemna, 255 F.3d 589, 591 (8th Cir. 2001). A State court's determination is an unreasonable application of Supreme Court precedent if it unreasonably refuses to extend a legal principle to a new context where it should apply. Carter, 255 F.3d at 592 (citing Williams, 529 U.S. at 407). "Federal habeas relief is warranted only when the refusal was 'objectively unreasonable,' not when it was merely erroneous or incorrect." Id. (quoting Williams, 529 U.S. at 410-11). Finally, a State court decision involves an unreasonable determination of the facts in light of the evidence presented in the State court proceedings only if it is shown by clear and convincing evidence that the State court's presumptively correct factual findings do not enjoy support in the record. 28 U.S.C. § 2254(e)(1); Ryan v. Clarke, 387 F.3d 785, 790 (8th Cir. 2004).

1.  *Ground 1 – Sufficiency of the Evidence*

In his first ground for relief, petitioner claims that there was insufficient evidence to sustain his conviction for Stealing Over $500 inasmuch as there was a lack of proof as to the value of the property stolen. Petitioner raised this claim on direct appeal. Upon review of the merits of the claim, the Missouri Court of Appeals denied petitioner relief. (Resp. Exh. 6, Memo. at 2-3.)

At the time petitioner's conviction became final, the law was clearly established that for due process purposes, the relevant inquiry in reviewing the sufficiency of evidence is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). See also In re Winship, 397 U.S. 358, 361-64 (1970); Sullivan v. Louisiana, 508 U.S. 275, 277-78 (1993) (citing Duncan v. Louisiana, 391 U.S. 145, 149 (1968); Sparf v. United States, 156 U.S. 51, 105-06 (1895)); Jenner v. Class, 79 F.3d 736, 742 (8th Cir. 1996). It is well established that State law defines the elements of State-law crimes. Fenske v. Thalacker, 60 F.3d 478, 480 (8th Cir. 1995); Turner v. Armontrout, 845 F.2d 165, 168 (8th Cir. 1988). As such, a State appellate court's conclusion that the evidence was sufficient to support a criminal conviction is entitled to great

deference by a federal court.  <u>Jackson</u>, 443 U.S. at 323.

On direct appeal, the Missouri Court of Appeals addressed petitioner's claim of insufficiency of the evidence and summarized the relevant facts as follows:

> The value of some of the items taken from the Henderson home were established through the testimony of Carol Henderson ("Mrs. Henderson").  Defendant contends that Mrs. Henderson's testimony was too speculative to sufficiently establish that the stolen property had a value of $500 or more. However, Mrs. Henderson testified that the pearl necklace taken from her home during the burglary was appraised by a jeweler approximately a year before the burglary at an amount between $700 and $1,000.  She further testified that she paid about $800 for a topaz and gold necklace that were taken the day of the burglary.  This testimony, coupled with additional testimony from Mrs. Henderson about the value of other items which were stolen from her home and evidence concerning the description of some of the items stolen, provided sufficient evidence from which a reasonable juror could find Defendant guilty beyond a reasonable doubt of stealing property worth a value of $500 or more.

(Resp. Exh. 6, Memo. at 3.)[2]

In reviewing petitioner's claim, the Missouri Court of Appeals articulated the standard for addressing the sufficiency of the evidence (<u>id.</u> at 2) and determined that, because an owner's testimony is competent evidence as to the value of her property,

---

[2]Inasmuch as petitioner does not rebut these factual findings with clear and convincing evidence, such findings are presumed by this Court to be correct.  28 U.S.C. § 2254(e)(1).

and because the credible testimony of a single witness can be sufficient for conviction, Mrs. Henderson's testimony regarding the value of her stolen property was sufficient to sustain petitioner's conviction of Stealing Over $500 (id. at 3).

Petitioner argues that while the lone testimony of a property owner regarding the value of her stolen property may be sufficient to establish such value, such testimony nevertheless cannot be based on speculation and guesses. While petitioner is correct in this general assertion, see Woolford v. State, 58 S.W.3d 87 (Mo. Ct. App. 2001), a review of the record here shows Mrs. Henderson's testimony not to be as speculative as petitioner contends. In Woolford, the defendant's conviction of felony stealing was reversed inasmuch as the property owner's testimony was too indefinite to constitute substantial evidence from which a jury could reasonably decide beyond a reasonable doubt that the market value of the jewelry at the time and place of the crime was at least the threshold amount required for conviction. Id. at 90. Specifically, the property owner in Woolford testified that the approximate combined value of the stolen items "probably" exceeded the amount required for conviction, and "guess[ed] that [that] would be a fair approximation." Id. Contrary to the victim in Woolford, however, Mrs. Henderson's testimony here regarding the value of her stolen jewelry was specific and detailed as to purchase prices, appraisals, and the time frame within which such value was determined. Indeed, with respect to the pearl necklace,

Mrs. Henderson testified that the necklace was a family heirloom, having belonged to her daughter's great-grandmother, and that she herself had been in possession of the necklace for fifteen to twenty years.  Mrs. Henderson testified that approximately one year prior to the burglary, the necklace was appraised by a jeweler as having a value of between $700 and $1,000.  (Resp. Exh. 2 at pp. 203-04.)  Mrs. Henderson also testified as to a handmade silver bracelet and necklace set which she had purchased in Africa in 1986 for approximately $400 to $500.  (Id.)  Finally, with respect to the topaz and gold necklace, Mrs. Henderson testified that, approximately ten years prior, she paid about $800 for the necklace and to have the stone mounted.  (Id. at p. 208.)  In light of this specific testimony as to the value of certain items of stolen property, it cannot be said that the testimony of this single witness was so indefinite that a conviction could not rest thereon. Cf. Woolford, 58 S.W.3d at 90.

To the extent petitioner's claim may be read to challenge Mrs. Henderson's credibility to give such testimony as to the present value of the stolen jewelry and other items, issues of credibility are matters left within the province of the jury.  When addressing claims of insufficiency of the evidence, this Court will not reweigh credibility issues.  See Thiel v. Schuetzle, 200 F.3d 1120, 1122-23 (8th Cir. 1999).

A State appellate court's conclusion that the evidence was sufficient to support a criminal conviction is entitled to

great deference by a federal court.  <u>Jackson</u>, 443 U.S. at 323;

<u>Haymon v. Higgins</u>, 846 F.2d 1145, 1146 (8th Cir. 1988).  "[W]hether

the record contains sufficient evidence to establish each element

of the crime beyond a reasonable doubt 'is everyday business for

the state courts, grist for their mill, and it will be a rare case

in which a federal court on habeas will disagree with them.'"

<u>Cassell v. Lockhart</u>, 886 F.2d 178, 179 (8th Cir. 1989) (quoting

<u>Moeller v. Attorney General of South Dakota</u>, 838 F.2d 309, 310 (8th

Cir. 1988)).

         As shown by the facts as set out by the Missouri Court of

Appeals, and as demonstrated by the specific testimony of the

property owner, a reasonable juror could find that the value of the

stolen property at the time and place of the crime was at least

$500.  Accordingly, the court of appeals' determination that there

was sufficient evidence to convict petitioner of Stealing Over $500

is supported by the record and entitled to deference.  This Court

is unaware of any "clearly established Federal law, as determined

by the Supreme Court of the United States" of which the court's

decision runs afoul, nor has petitioner demonstrated such.

Therefore, it cannot be said that the State court's determination

"resulted in a decision that was contrary to, or involved an

unreasonable application of," clearly established federal law.  28

U.S.C. § 2254(d)(1).  Nor has petitioner shown that the court's

determination "resulted in a decision that was based on an

unreasonable determination of the facts in light of the evidence

presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). As such, the instant claim should be denied. 28 U.S.C. § 2254(d).

2. *Ground 3 – Admissibility of Expert Testimony*

In this third ground for relief, petitioner claims that the trial court erred in permitting Officer Jackie Tabers to give purported expert testimony regarding shoe print analysis when a proper foundation was not laid that Officer Tabers was qualified as an expert. A review of the record shows that on direct appeal, petitioner raised this claim but challenged only the State law aspect of admitting expert testimony. Upon review of the claim, however, the Missouri Court of Appeals addressed whether such alleged evidentiary error deprived petitioner of a fair trial. (Resp. Exh. 6, Memo. at 5-6.) Inasmuch as the court of appeals' decision appears to encompass a claim of due process, this Court will likewise address such a claim. Cf. Gray v. Netherland, 518 U.S. 152, 162-63 (1996) (habeas court looks to whether federal constitutional claim was considered by State court).

At the time petitioner's conviction became final, the law was clearly established that the admission of evidence under State law violates the Due Process Clause of the Fourteenth Amendment only if such admission fatally infects the trial so as to render the trial fundamentally unfair. Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Lisenba v. California, 314 U.S. 219, 236 (1941). It is not the province of the federal courts to re-examine State court

determinations on matters of State law. <u>Estelle</u>, 502 U.S. at 67-68. Thus, this Court need not determine whether the evidence at issue was properly admitted, but whether, upon review of the entire trial process, such evidentiary ruling violated petitioner's constitutional rights. <u>Id.</u>; <u>McCafferty v. Leapley</u>, 944 F.2d 445, 453 (8th Cir. 1991). For an alleged evidentiary error to have violated petitioner's constitutional rights, petitioner "must show a reasonable probability that the error affected the trial's outcome," <u>Richardson v. Bowersox</u>, 188 F.3d 973, 980 (8th Cir. 1999) (internal quotation marks and citations omitted), that is, whether there is a reasonable probability that the verdict might have been different had the error not occurred. <u>Harris v. Bowersox</u>, 184 F.3d 744, 752 (8th Cir. 1999); <u>Hamilton v. Nix</u>, 809 F.2d 463, 470 (8th Cir. 1987). The federal court must find more than trial error or even plain error to warrant habeas relief on the basis of evidentiary questions. <u>McCafferty</u>, 944 F.2d at 452. For the following reasons, a review of the trial process here shows that the admission of Officer Taber's challenged testimony did not render petitioner's trial fundamentally unfair, and petitioner's claim that he was denied a fair trial must fail.

On direct appeal, the Missouri Court of Appeals addressed petitioner's claim challenging the testimony of Officer Tabers and summarized the relevant facts as follows:

>      . . . Defendant claims the trial court
> erred in allowing Officer Jackie Tabers

> ("Officer Tabers") to testify at trial that
> there were similarities between a shoe
> impression found on a broken door at the
> Henderson home and the sole of the shoe
> Defendant was wearing the day of the crime.
>
> . . .
>
> Even assuming *arguendo* that Officer
> Tabers' testimony was inadmissible opinion
> testimony, the admission of her testimony was
> not so prejudicial as to deprive Defendant of
> a fair trial. St. Louis County Police
> Department forensic scientist Ryan Campbell
> ("Campbell") testified as an expert in
> footprint analysis. Campbell testified that
> the right side heel of Defendant's shoe
> "corresponds in tread design characteristics"
> with the photographs of the shoe impression
> left on the door at the Henderson home.
> Campbell further opined that Defendant's shoe
> could have made the impression on the door.
> Thus, Officer Tabers' testimony was merely
> cumulative of Campbell's expert opinion that
> Defendant's shoe could have made the
> impression on the door.

(Resp. Exh. 6, Memo. at 5-6.)


Where improperly admitted evidence is merely cumulative

of other admissible evidence at trial, there is no violation of due

process. See Hood v. Helling, 141 F.3d 892, 897 (8th Cir. 1998);

see also Louisell v. Director of Iowa Dep't of Corrections, 178

F.3d 1019, 1024 (8th Cir. 1999). Cf. United States v. Greatwalker,

356 F.3d 908, 912 (8th Cir. 2004) (harmless error in improperly

admitting statements because most of the statements were merely

cumulative of other admissible evidence at trial); United States v.

Kenyon, 481 U.S. 1054, 1063 (8th Cir. 2007) (cumulative statements

are usually harmless).  The court of appeals here found that the purported opinion testimony given by Officer Tabers was merely cumulative to the properly admitted testimony of forensic scientist Ryan Campbell.  In light of the cumulative nature of such testimony, it cannot be said that there is a reasonable probability that the verdict might have been different had the now-challenged testimony of Officer Tabers not been admitted.

Accordingly, the decision of the State court that petitioner was not deprived of a fair trial by the admission of Officer Tabers' testimony regarding the similarity between the footprint impression found on the door of the Henderson home and the heel of petitioner's shoe, was neither contrary to nor an unreasonable application of clearly established federal law.  Nor has petitioner shown that the court's determination "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d)(2).

As such, the claim raised in Ground 3 of the instant petition should be denied.  28 U.S.C. § 2254(d).

3.    *Ground 4 – Assistance of Direct Appeal Counsel*

In his fourth ground for relief, petitioner claims that he received ineffective assistance of direct appeal counsel in that counsel failed to raise on appeal the claim that the State failed to make a submissible case in light of the contradictory evidence

presented at trial. Petitioner raised this claim in his motion for post-conviction relief and on appeal of the denial of the motion. (Resp. Exhs. 7, 8.) Upon review of the merits of the claim, the Missouri Court of Appeals denied petitioner relief. (Resp. Exh. 10.)

At the time petitioner's conviction became final, the law was clearly established that the Sixth Amendment guarantees a criminal defendant the right to effective assistance of counsel, including effective assistance on direct appeal. <u>Strickland v. Washington</u>, 466 U.S. 668, 686 (1984); <u>Evitts v. Lucey</u>, 469 U.S. 387, 396-97 (1985). When evaluating claims of ineffective assistance of direct appeal counsel, the Court must apply the <u>Strickland</u> standard of review. <u>Pfau v. Ault</u>, 409 F.3d 933, 939 (8th Cir. 2005). As such, petitioner must show that counsel's representation fell below an "objective standard of reasonableness" and that petitioner was prejudiced as a result. <u>Strickland</u>, 466 U.S. at 687-88, 694. To demonstrate prejudice on account of counsel's failure to raise a claim on appeal, petitioner must show a "reasonable probability that an appeal of [the] issue would have been successful and that the result of the appeal would thereby have been different." <u>Pryor v. Norris</u>, 103 F.3d 710, 714 (8th Cir. 1997); <u>see also</u> <u>Pfau</u>, 409 F.3d at 939-40 (petitioner must show that but for appellate counsel's error, he would have prevailed on appeal).

In his motion for post-conviction relief, petitioner

argued that direct appeal counsel failed to raise on appeal a claim that there was insufficient evidence upon which to convict petitioner of Burglary and the two counts of Stealing. Petitioner specifically argued that no witness gave a description of the perpetrator of the crimes, nor identified petitioner as the perpetrator; that no witness observed petitioner enter and/or leave the burglarized residences; that, at the time of the burglaries, no witness observed petitioner in the vehicle in which the stolen property was later recovered; and that the forensic scientist could not positively identify petitioner's shoe as the one which made the impression on the Henderson's door. The post-conviction motion court determined there to be sufficient evidence of petitioner's guilt, however, finding that Missouri law permitted the jury to reasonably infer such guilt for both Burglary and Stealing given petitioner's "unexplained possession of property recently stolen in a burglary[.]" (Resp. Exh. 7 at p. 41 (citing State v. Brown, 744 S.W.2d 809, 811 (Mo. banc 1988).) The court thus determined that because such a sufficiency of the evidence claim would have had no merit, petitioner was not prejudiced by appellate counsel's failure to raise the claim on direct appeal. (Id. at 41-43.)

On appeal of the denial of the post-conviction motion, petitioner argued that had direct appeal counsel raised this sufficiency of the evidence claim, he could have argued that petitioner's possession of the stolen property was too remote in time from the burglaries to support an inference of guilt and thus,

when coupled with the lack of evidence as set out above, there was insufficient evidence upon which to convict petitioner of the crimes. (Resp. Exh. 8.) The Missouri Court of Appeals rejected petitioner's argument:

> [State v.] Brown states:
>
>> [a]n inference of guilt is permissible from the unexplained possession of property recently stolen in a burglary, and the inference exists both as to the offense of burglary and of stealing. To authorize an inference of guilt, the defendant's possession of the stolen property must not be too remote in time from the burglary, and must be personal, exclusive, conscious, and unexplained. What may be considered 'recent,' of course, must be determined from the facts of each particular case and may vary from a few days to many months.
>
>> Brown, 744 S.W.2d at 811 (internal citations and quotations omitted).
>
>> In this case, the reported burglaries occurred on the morning of December 22, 2003. Movant was discovered with the stolen property on December 22, 2003 at approximately three o'clock in the afternoon. Hence, Movant was only in possession of the stolen property for a matter of hours. It is clear that if "recent" may encompass "a few days to many months," that several hours would also be considered "recent."

(Resp. Exh. 10, Memo. at 4.)

Contrary to petitioner's assertion, the discovery of petitioner in possession of the stolen property was not too remote in time from the burglaries so as to preclude an inference of guilt. As such,

- 19 -

the court of appeals determined that if counsel had raised such a claim on direct appeal, a reversal of petitioner's convictions would not have been warranted. (<u>Id.</u>) The court of appeals therefore determined that petitioner failed to demonstrate ineffective assistance of direct appeal counsel. (<u>Id.</u>)

Counsel cannot be said to be ineffective in failing to pursue a matter upon which there is no reasonable likelihood of success. <u>See</u> <u>Smith v. Armontrout</u>, 888 F.2d 530, 545 (8th Cir. 1989) (counsel not ineffective in failing to pursue a matter upon which there is no reasonable likelihood of success); <u>see also</u> <u>Burton v. Dormire</u>, 295 F.3d 839, 846 (8th Cir. 2002) (cannot fault counsel for failing to raise issue if no relief could possibly have been obtained); <u>Blankenship v. United States</u>, 159 F.3d 336, 338 (8th Cir. 1998) (no prejudice from counsel's failure to pursue non-meritorious issue); <u>Grubbs v. Delo</u>, 948 F.2d 1459, 1464 (8th Cir. 1991); <u>Meyer v. Sargent</u>, 854 F.2d 1110, 1115-16 (8th Cir. 1988). As such, the decision of the State court that counsel's failure to raise a non-meritorious issue on direct appeal did not constitute ineffective assistance was neither contrary to nor an unreasonable application of clearly established federal law. Nor has petitioner shown that the court's determination "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2).

Accordingly, the claim raised in Ground 4 of the instant

petition should be denied.  28 U.S.C. § 2254(d).

Therefore, for all of the foregoing reasons,

**IT IS HEREBY ORDERED** that Jeff Norman, Warden of Southeast Correctional Center, is substituted for Troy Steele as proper party respondent.

**IT IS FURTHER ORDERED** that petitioner Farland Gilliehan's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. #1) is dismissed without further proceedings.

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue in this cause inasmuch as petitioner has failed to make a substantial showing that he has been denied a constitutional right.

_Frederick R. Buckles_
_____
UNITED STATES MAGISTRATE JUDGE


Dated this _22nd_ day of March, 2011.